■ In the Matter of ANTHONY J. CINOTTI, Appellant, v JOHN DAVIDSOHN et al., Respondents. [724 NYS2d 312] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 11, 2000, which, insofar as appealed from, denied petitioner's application to enjoin respondents from acting or

holding themselves out as officers, directors, employees or representatives of the subject corporation, and to declare petitioner and two others as the duly elected directors of the corporation, unanimously affirmed, without costs.

Under the corporation's bylaws, petitioner could not act both personally and by proxy at the meeting where he was elected. Thus, the proxy used by petitioner as a device for his nomination to the board was invalid, and the ensuing election a nullity. Nor does Business Corporation Law § 619 require that the court order a new election. Petitioner's conclusory allegations that respondents might enter into agreements detrimental to the corporation's interests do not address the merits of petitioner's claim to control of the corporation, and otherwise do not warrant the injunctive relief he seeks. Concur—Rosenberger, J. P., Tom, Mazzarelli, Wallach and Friedman, JJ.